C. J. Anderson and Ellen E. Anderson, Husband and Wife v. Commissioner.
Anderson v. Commissioner
Docket No. 48989.
United States Tax Court
T.C. Memo 1955-43; 1955 Tax Ct. Memo LEXIS 296; 14 T.C.M. (CCH) 148; T.C.M. (RIA) 55043; February 21, 1955
*296 Held, in 1949 and 1950, petitioner operated a farm for the purpose of making a profit but realized net operating losses in both years, which are fully deductible on his returns for such years. John Wiseman, C.P.A., 1291 Chapline Street, Wheeling, W. Va., for the petitioners. Theodore E. Davis, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies determined by respondent in petitioners' income tax for the years 1949 and 1950 in the respective amounts of $1,108.44 and $689.82. The only issue to be decided is whether petitioner, C. J. Anderson, operated a farm for profit during such years so as to entitle him to deduct in full the net operating losses realized from such operation. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. C. J. Anderson (hereinafter referred to as the petitioner) and Ellen E. Anderson, his wife, filed joint Federal income tax returns for the years 1949 and 1950 with the collector of internal revenue for the eighteenth district of Ohio. In 1943 petitioner purchased an 80-acre farm near Barnesville, *297 Ohio, for $12,750, where he and his wife resided from July 1944 to and throughout the years in issue. During such years, petitioner was president of the United Dairy Company of Barnesville, Ohio. He received an annual salary of $25,000 from such company in 1949, and $30,000 in 1950. Petitioner purchased the farm in question with the purpose of establishing a herd of registered Hereford cattle, from which he hoped to sell beef cattle at a profit. Immediately following the purchase of the farm in 1943, petitioner purchased 14 registered Hereford cows and later in the year purchased a bull and another cow. All but 3 acres of the farm were tillable or usable for pasture. He subsequently acquired various items of farm equipment in addition to a binder, mower, cultivator, plows, harrows, a wagon, and corn planters, which he acquired with the purchase of the farm. Petitioner had a total of 26 head of cattle on the farm at the end of 1950. Prior to the years in issue, a number of farm buildings were demolished and additions made to 2 barns. A new 3-car garage was constructed to house farm equipment at a cost of $3,000, and the tenant house was remodeled. Petitioner employed a tenant *298 farmer who lived on the farm. Petitioner consulted with him daily, usually for several hours in the evening. Petitioner kept separate records of income and expenses on the operation of the farm. For many years prior to the acquisition of the farm, petitioner had loaned money on farm properties and had often supervised their operation. On his return for 1949, petitioner reported farm income from the sale of cattle and wheat of $543.05. He claimed a net operating farm loss of $2,623.39 for that year. On his return for 1950, he reported farm income from the sale of cattle of $625.00, and claimed a net operating farm loss of $2,663.54. None of the expenditures claimed in computing such losses were, directly or indirectly, related to petitioner's living expenses or to the upkeep or maintenance of the residence on the farm. Petitioner operated his farm for the purpose of making a profit during the years in issue. Opinion RICE, Judge: Whether petitioner operated his farm during the years in issue for purposes of making a profit, so as to entitle him to the losses claimed, is a question of fact. Even though petitioner's farming operations were relatively small and in both years here *299 in issue resulted in net operating losses, we think it clear from the record that he purchased the farm in 1943 and operated it thereafter in the expectation of making a profit and not as a mere hobby. Norton L. Smith, 9 T.C. 1150 (1947). He intended to raise a herd of registered Hereford cattle, from which he hoped to sell beef cattle at a profit. Immediately after purchasing the farm he bought 16 head of cattle. By 1950 his herd had increased to 26 head, after sales in both 1949 and 1950. He maintained books and records of his farming operations, and none of his personal living expenses were deducted in computing the losses in issue. Petitioner was generally familiar with farming operations; and, even though he continued to be a full time employee and officer of the United Dairy Company, he actively managed his farm with the help of an experienced tenant farmer. The conclusion seems inescapable that petitioner was attempting to farm at a profit and we so hold. Because other adjustments in the deficiency notice were not contested, Decision will be entered under Rule 50.